UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRESCENCIANO GARCIA ,** | No. **1:19–CV–01222–DAD–JDP** |
| Plaintiff, | STANDING ORDER IN LIGHT OF ONGOING JUDICIAL EMERGENCY IN THE EASTERN DISTRICT OF CALIFORNIA |
| v. | |
| **WINE GROUP, INC. , ET AL. ,** | |
| Defendant. | |

The judges of the United States District Court for the Eastern District of California have long labored under one of the heaviest caseloads in the nation even when operating with a full complement of six authorized District Judges.[1] Each of those six District Judges has regularly carried a caseload double the nationwide average caseload for District Judges. Even while laboring under this burden, the judges of this court have annually ranked among the top 10 districts in the country in cases terminated per judgeship for over 20 years. *See* Letter regarding Caseload Crisis from the Judges of the Eastern District of California (June 19, 2018), http://www.caed.uscourts.gov/CAEDnew/index.cfm/news/important–letter–re–caseload–crisis/. On December 17, 2019, District Judge Morrison C. England took Senior status. On December 31, 2019, Senior District Judge Garland E. Burrell, Jr. assumed inactive Senior status. On February 2, 2020, District

---

[1] For over a decade the Judicial Conference of the United States has recommended that this district be authorized up to six additional judgeships. However, those recommendations have gone unacted upon. This is the case despite the fact that since the last new District Judgeship was created in the Eastern District in 1978, the population of this district has grown from 2.5 million to over 8 million people and that the Northern District of California, with a similar population, operates with 14 authorized District Judges.

Judge Lawrence J. O'Neill will assume inactive Senior status.[2]  As a result of these long anticipated events, the shortfall in judicial resources will seriously hinder the administration of justice throughout this district, but the impact will be particularly acute in Fresno, where the undersigned will now be presiding over all criminal and civil cases previously assigned to Judge O'Neill as well as those already pending before the undersigned. As of the date of this order, this amounts to roughly 1,050 civil actions and 625 criminal defendants.  Until two candidates are nominated and confirmed to fill this court's two vacant authorized district judgeships, this situation can only be expected to get progressively worse.

      The gravity of this problem is such that no action or set of actions undertaken by this court can reasonably be expected to alleviate it.  Nonetheless, this order will advise litigants and their counsel of the temporary procedures that will be put in place for the duration of this judicial emergency in cases over which the undersigned is presiding.  What follows will in some respects be contrary to the undersigned's default Standing Order in Civil Actions,[3] and may also differ from the Local Rules of the Eastern District of California.  To the extent such a conflict exists, the undersigned hereby invokes the court's authority under Local Rule 102(d) to issue orders supplementary or contrary to the Local Rules in the interests of justice and case management.

**A.   DESIGNATION OF CIVIL CASES**

      As of February 3, 2020, all civil cases previously assigned to Judge O'Neill, and all newly filed cases that will be assigned to his future replacement, will be unassigned.  Those cases will bear the designation "NONE" as the assigned district judge and will continue to bear the initials of the assigned magistrate judge. Until new judges arrive, the undersigned will preside as the district judge in the cases so designated.  Judge O'Neill's chambers staff will remain in place for seven months following his departure from the court. Accordingly, his remaining staff will continue to work on the cases bearing the "NONE" designation and Courtroom Deputy Irma Munoz (559–499–5682; imunoz@caed.uscourts.gov) will continue to be the contact person with respect to any questions regarding those cases.  Proposed orders in those cases are to be sent to

---

[2]   In short, a Senior District Judge is one who has retired from regular active service, usually based on age and length of service, but continues to preside over cases of a nature and in an amount as described in 28 U.S.C. § 371(e).  A Senior District Judge taking inactive status is one who has ceased to perform such work.

[3]   The undersigned's standing order in civil cases is available at http://www.caed.uscourts.gov/caednew/assets/File/DAD%20Standing%20Order052019.pdf

noneorders@caed.uscourts.gov.  Finally, any hearings or trials before the undersigned in cases bearing the "NONE" designation will continue to be held in Judge O'Neill's former courtroom, Courtroom #4 on the 7th Floor at 2500 Tulare Street in Fresno, California.

**B.    CIVIL LAW AND MOTION**

It has been the strong preference of the undersigned over the past twenty–three years to hear oral argument on all civil motions.  In the undersigned's experience, doing so allows the court to more fully grasp the parties' positions and permits the parties to address the court's concerns without the need for supplemental briefing.  However, given the judicial emergency now faced by this court, such hearings on civil law and motion matters will no longer be feasible.  Accordingly, all motions filed before the undersigned in civil cases will be deemed submitted upon the record and briefs pursuant to Local Rule 230(g).  The hearing date chosen by the moving party will nonetheless govern the opposition and reply filing deadlines pursuant to Local Rule 230(c).  In cases bearing the "DAD" designation, the noticed hearing dates will remain the first and third Tuesdays of each month.  In cases designated as "NONE," the noticed hearing dates may be any Tuesday through Friday.  In the unlikely event that the Court determines a hearing would be helpful and feasible, the court will re–schedule a hearing date in accordance with its availability.

In addition to the motions already assigned to magistrate judges by operation of Local Rule 302(c), the undersigned now orders that the following categories of motions in cases bearing "DAD" and "NONE" designations shall be noticed for hearing before the assigned magistrate judge:

1.    Motions seeking the appointment of a guardian *ad litem;*

2.    Motions for class certification and decertification pursuant to Federal Rule of Civil Procedure 23;

3.    Motions seeking preliminary or final approval of collective or class action settlements; and

4.    Motions to approve minors' compromises.[4]

The undersigned will surely refer other motions to the assigned magistrate judge for the issuance of findings and recommendations by separate orders in particular cases.

/////

/////

---

[4]    Magistrate judges may resolve motions seeking the appointment of a guardian *ad litem* by way of order, while all other motions may be resolved by issuance of findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(A).

## C.  CIVIL TRIALS

In the two civil caseloads over which the undersigned will be presiding for the duration of this judicial emergency, there are currently trials scheduled through the end of 2021. Given the enormous criminal caseload that will be pending before the undersigned and based upon the reasonable assumption that at least some of those criminal cases will proceed to trial, it is unlikely that those civil cases will be able to proceed to trial on the currently scheduled date.[5] Thus, the setting of new trial dates in civil cases would be purely illusory and merely add to the court's administrative burden of vacating and re–setting dates for trials that will not take place in any event. **Accordingly, for the duration of this judicial emergency and absent further order of this court in light of statutory requirements or in response to demonstrated exigent circumstances, no new trial dates will be scheduled in civil cases assigned to "DAD" and "NONE" over which the undersigned is presiding.**[6] As such, scheduling orders issued in civil cases over which the undersigned is presiding will not include a trial date. Rather, the final pretrial conference will be the last date to be scheduled.[7]

Particularly in light of this judicial emergency, parties in all civil cases before the undersigned are reminded of their option to consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). The magistrate judges of this court are highly skilled, experienced trial judges. Moreover, because magistrate judges cannot preside over felony criminal trials, trial dates in civil cases can be set before the assigned magistrate judge with a strong likelihood that the trial will commence on the date scheduled.

/////

---

[5]  Even in those instances where a trial date has been set, such trial dates will be subject to vacatur with little to no advance notice due to the anticipated press of proceedings related to criminal trials before this court, which have statutory priority over civil trials. In any civil action that is able to be tried before the undersigned during the duration of this judicial emergency, the trial will be conducted beginning at 8:30 a.m. Tuesday through Thursday. The court will have calendars for criminal cases bearing a "DAD" assignment on Monday at 10:00 a.m. and for those criminal cases bearing the "NONE" designation on Friday at 8:30 a.m.

[6]  Any party that believes exigent or extraordinary circumstances justify an exception to this order in their case may file a motion seeking the setting of a trial date. Such motions shall not exceed five pages in length and must establish truly extraordinary circumstances. Even where such a showing is made, the parties are forewarned that the undersigned may simply be unable to accommodate them in light of the court's criminal caseload.

[7]  Final Pretrial Conference dates may be later vacated and rescheduled depending on the court's ability to rule on dispositive motions that are filed. Moreover, in those "NONE" and "DAD" designated civil cases with trial dates, the parties are hereby ordered not to file any pretrial motions *in limine* prior to the issuance of the Final Pretrial Order and to do so only in compliance with the deadlines set in that order.

**CONCLUSION**

These are uncharted waters for this court. The emergency procedures announced above are being implemented reluctantly. They are not, in the undersigned's view, conducive to the fair administration of justice. However, the court has been placed in an untenable position in which it simply has no choice. There will likely be unforeseen consequences due to the implementation of these emergency procedures and the court will therefore amend this order as necessary.

DATED: February 4, 2020

**DALE A. DROZD**
U.S. DISTRICT COURT JUDGE